FINCH v. CALKINS.

BILLS AND NOTES—PLACE OF PRESENTMENT—BANKS AND BANKING—PRESUMPTION.

Since a promissory note is presumed to be payable at the place where it is made and dated, a note dated at Hornell, N. Y., payable at "First National Bank," was subject to presentment and payment at the First National Bank of Hornell, and a presentment there was sufficient under section 133 of the negotiable instruments law of New York.

Error to Shiawassee; Miner, J. Submitted November 10, 1914. (Docket No. 155.) Decided December 18, 1914.

Assumpsit by John M. Finch against Beattie W.

Calkins and another on an indorsement. Judgment for defendants on a directed verdict. Plaintiff brings error. Reversed.

*W. J. Parker* (*John T. McCurdy,* of counsel), for appellant.

*Fred J. Northway* and *Odell Chapman,* for appellees.

STEERE, J. This case presents the single question of whether the words "the First National Bank," found in the following promissory note, designate its place of payment under the law of negotiable instruments:

"$900.         HORNELL, NEW YORK, July 16th, 1909.
"On June 1st, 1913, after date, for value received, I promise to pay Calkins & Augsbury, or order, nine hundred dollars at the First National Bank, with interest at 6 per cent. per annum, interest payable annually."

Said note is signed by nine makers, and, so far as material here, indorsed on the back:

"Pay to John M. Finch, or order.
               "CALKINS & AUGSBURY."

It is sufficient to state without details that when this paper fell due it was presented for payment at the First National Bank of Hornell, N. Y., dishonored there, protested, notice of such dishonor and protest timely mailed to and received by defendants at their place of business in this State, in conformity with the prerequisites essential to establish their secondary liability as indorsers, provided the presentment and demand for payment were made at the proper place.

At the trial of this case in the circuit court, upon the conclusion of the plaintiff's testimony, counsel for defendant moved the court to direct a verdict of no cause of action and enter judgment accordingly, on

the ground that it was not shown said note had been properly presented for payment and dishonored, which motion was granted and judgment entered according to such ruling.

Aside from a minor question of pleading, which we do not regard as controlling or demanding review, defendants' contention, as briefed and orally argued, is that the note was never dishonored nor notice thereof given defendants, so as to hold them liable as indorsers, because no place of payment is sufficiently specified in said instrument; and, in order to hold the indorsers, it was incumbent upon plaintiff to present said instrument, when due, and demand payment at either the usual place of business or residence of the makers, or to them wherever they could be found, or at their last known place of business or residence, as required by the negotiable instrument law of the State of New York, which is the law governing this case, inasmuch as the note was given and is presumably payable in that State. Requirements of the New York law as to presentment are in harmony with those which almost universally obtain, and substantially the same as the negotiable instrument statute which has been adopted in many of the States. The pertinent part is as follows:

"SEC. 133. Place of Presentment. Presentment for payment is made at the proper place:

"1. Where a place of payment is specified in the instrument and it is there presented.

"2. Where no place of payment is specified, but the address of the person to make payment is given in the instrument and it is there presented.

"3. Where no place of payment is specified and no address is given and the instrument is presented at the usual place of business or residence of the person to make payment.

"4. In any other case if presented to the person to make payment wherever he can be found, or if presented at his last known place of business or residence."

It must be conceded that, if the place of payment is not specified in this instrument, plaintiff cannot recover, and we need spend no time upon the provisions relative to how presentment should be made in other cases.

Upon the trial, no evidence was introduced to supplement what appears upon the face of the instrument as to the place of payment, except by the following stipulation, introduced in connection with depositions of the New York notary, who protested the note, and testified what was done in that connection:

"It is conceded that the city of Hornell is situated and located in the county of Steuben, State of New York, and that the First National Bank of Hornell is also located and situated in that city."

The note is not in terms which indicate a purpose to make it payable generally. The intent to make it payable at a bank is clearly stated, and the name of the bank is given. The only infirmity is a failure to state distinctly in the body of the instrument where the bank is located, or what "First National Bank" is meant. The language is not ambiguous. The most to be claimed is that it is indefinite. Though a name is stated, it can well be urged that, standing alone, such name is not sufficiently definite and distinguishing, for it is a matter of common knowledge that there are many first national banks scattered throughout the country.

The primary rule of construction is to determine, not alone from a single word or phrase, but from the instrument considered as a whole, the true intent of the parties, and to interpret the meaning of a questioned word, or part, with regard to the connection in which it is used, the subject-matter, and its relation to all other parts or provisions. In the absence of anything to the contrary, a note is held to be made

where it bears date; and in *Taylor* v. *Snyder*, 3 Denio (N. Y.), 145 (45 Am. Dec. 457), it is said:

"Although the date of a note does not make it payable at that place, still the date may, in one respect, be very important. It raises a presumption that the maker resides there, although it is only presumption. 3 Kent, 96, 97; *Lowery* v. *Scott*, 24 Wend. (N. Y.) 358 (35 Am. Dec. 627); *Galpin* v. *Hard*, 3 McCord (S. C.), 394 (15 Am. Dec. 640)."

In *Baily* v. *Birkhofer*, 123 Iowa, 59 (98 N. W. 594), where the maker of a note promised to pay the sum named at "the First National Bank," it was said:

"Where no place of payment is named in a note, it is presumed to be payable where the maker resides; and, where a bank is named, it will be presumed, in the absence of language appearing on the face of the note to the contrary, that it was at the maker's home town."

A similar question to this arose in *Hazard* v. *Spencer*, 17 R. I. 561 (23 Atl. 729). In that case the note under consideration was dated at Providence, R. I., and made payable "at bank." The maker resided at Bridgewater, Mass. Demand for payment was made, when the note fell due, at a bank in Providence, R. I., and the paper protested in the customary way. An indorser thereafter denied liability because no legal presentment for payment and demand on the maker had been made. In holding he was not released from liability, the court said:

"But as the note in suit not only bears date at Providence, but is also made payable 'at bank,' we think the only fair presumption is that it was intended to be made payable at Providence, and hence that the knowledge of the holder that the maker resided elsewhere has no bearing upon the case, * * * for we can conceive of no reason for the making of a note payable 'at bank,' unless it be thereby intended to make it payable at some bank in the city or town where the note bears date.

"Moreover, the note being made payable 'at bank,' the maker was under no obligation to pay it at any other place, and hence a refusal to pay upon presentment elsewhere would be no dishonor upon which the indorser could be charged."

In this case the note was not only made payable at bank, but at a bank named, and there was a bank of the name given in the city where the note was dated.

We conclude that, by natural inference, fair construction of the instrument considered in its entirety, and reasonable interpretation of the name given in the connection used, the note in question was made payable at *the* First National Bank of Hornell, N. Y.

The judgment is reversed, and a new trial granted.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.