STATE, Respondent, vs. WIEDENFELD, Appellant.

*November 12—December 6, 1938.*

*Franklin E. Fogo* of Richland Center, for the appellant.

For the respondent there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Sidney J. Hanson,* district attorney of Richland county, and oral argument by *Mr. Hanson.*

MARTIN, J. The appellant contends:

(1) That the court erred in denying his motion for a directed verdict on the ground that the evidence was insufficient to sustain the verdict of guilty and on the ground that venue was not proven to be in Richland county;

(2) That the court erred in denying his motion for a new trial after verdict on the ground that the verdict was contrary to the evidence and could not be sustained by the evidence.

The following facts are disclosed by the evidence: On and prior to May 2, 1936, defendant was employed by the Moorman Manufacturing Company of Quincy, Illinois, as a salesman of its products, known as mineral feed. On May 2, 1936, defendant sold to one James Whalen at his farm in the town of Westford, in Richland county, Wisconsin, a quantity of said mineral feed at a cost of approximately $23. Defendant inquired of Whalen whether he wanted to pay cash or have ninety days' time in which to pay. It appears that a two per cent discount was allowed for cash, so Whalen took the discount and paid defendant cash in the sum of $22.70, taking a receipt, State's Exhibit 2, from the defendant, which receipt was offered in evidence upon the trial. Defendant personally delivered a part of the mineral feed to the Whalen home in the town of Westford. On or about August 1, 1936, Whalen received notice from the Moorman Manufacturing Company that they held his check, State's Exhibit 3, for the sum of $23.51, drawn in their favor on the State Bank of Cazenovia, Cazenovia, Wisconsin, which check was offered in evidence upon the trial. Whalen denied executing or signing this check or any other paper in connection with the transaction excepting a price-protection slip, State's Exhibit 4, and original delivery instructions, State's Exhibit 5, which appear in evidence, and which were signed by Whalen in the presence of defendant on May 2d. Whalen testified that the transaction of May 2, 1936, was the only transaction he ever had with the defendant, the Moorman Manufacturing Company, or with anyone on behalf of said company; that he never issued a check to the Moorman Manufacturing Company. Mr. Ewing, division manager of the Moorman Manufacturing Company, testified that the order blank which defendant left with Whalen, State's Exhibit 2, and the duplicate order blank forwarded to the company, State's Exhibit 5, from which the company fills the order, should be identical. However, they differ in that State's Exhibit 5 is

marked ninety days' time, whereas, State's Exhibit 2, which defendant left with Whalen, shows a cash settlement. The check, State's Exhibit 3, is written on a form commonly known as a counter check. These form checks are furnished by the Moorman Manufacturing Company to their salesmen, are in the company's order books, and are intended for use by customers if wanted.

Mr. Leathers, the head of the order department of the Moorman Manufacturing Company, testified that he had charge of incoming orders; that State's Exhibit 1 (carbon copy of the order) and State's Exhibits 3, 4, and 5 were opened by the mail department of the Moorman Manufacturing Company and the date and time received stamped thereon; that same were received from defendant; that they came into the company's office on May 5, 1936; that they were accompanied by a confidential credit report, State's Exhibit 6; that the credit report was signed by the defendant.

All the exhibits were offered and received in evidence. The only testimony offered on behalf of the defense was that of Frank Young who testified that he lived in Richland county; that he was acquainted with defendant and accompanied him on the day in question, and was with him at the Whalen home; that he and defendant got back to Richland Center about 7 p. m.; that he did not see a check of any kind in defendant's possession; that he did not see defendant write a check that day; that he was with defendant all day and did not see defendant go to the post office at Richland Center after he had returned. He further testified that he did not see defendant at any time during the evening after they had returned to Richland Center.

If venue were proved we would have no difficulty in sustaining the conviction, or if defendant were charged with embezzlement of the moneys he received from Whalen there would be no question as to proof of venue. The question

here is : Has the state established venue to the degree of certainty required by law? It was incumbent upon the state to show that defendant forged the check in question, and had possession of same with intent to utter in Richland county. As appears in the foregoing statement of facts, a blank form of check was used. On the date line is written in, "August 2d." On the blank line underneath it is printed, "Name of Bank." On this line is written in "State Bank of Cazenovia," and directly opposite on a blank line underneath it is printed, "Address of Bank." There is written, "Cazenovia, Wisconsin." Then follows the printed form, "Pay to the order of Moorman Manufacturing Company." Then follows the writing, "$23.51," and the check purports to be signed by James Whalen.

The order blank is signed by Mr. Whalen and the defendant; also the price-protection memorandum is signed by Mr. Whalen and the defendant. The credit report is signed by defendant.

There is no direct evidence that defendant forged or had the check in his possession in Richland county. There is no evidence as to the post-office name upon the envelope in which the check and other inclosures were received at the home office of the Moorman Manufacturing Company at Quincy, Illinois. There is no evidence that the inclosures were accompanied by a letter from the defendant. It appears that the envelope with the check and other inclosures was not received until May 5th, and there is no proof of the defendant's whereabouts immediately following May 2d.

While there is a presumption that a negotiable instrument is made at the place at which it bears date, *Finch v. Calkins,* 183 Mich. 298, 149 N. W. 1037, we have been unable to find any case holding that the date on a forged instrument creates any presumption as to where the instrument was forged. There appears to be about an even division of authorities as

to whether the venue in a criminal case must be proved beyond a reasonable doubt. However, in twenty-seven jurisdictions, including Wisconsin, it is held that the venue in a criminal case must be proved beyond a reasonable doubt. In *Davis v. State,* 134 Wis. 632, 642, 115 N. W. 150, the court said:

"It is unquestionably the rule that venue, like all other issuable facts in criminal cases, must be proven beyond a reasonable doubt."

In *Wilson v. State,* 184 Wis. 636, 643, 200 N. W. 369, the court, in an opinion by Mr. Justice JONES, said:

"It is one of the assignments of error that the venue was not proven. Whether there was sufficient circumstantial evidence to establish the venue beyond any reasonable doubt it is unnecessary to decide, since, as will be seen, we hold that there must be a new trial on another ground. . . . Of course it is elementary that proof of venue is a necessary element to conviction in criminal cases; but it is proof which, through inadvertence, the district attorneys too often fail to produce when it could be easily given."

Of course, venue, like any other fact necessary to be established in a criminal case, may be proven by circumstantial evidence. *Kellar v. State,* 174 Wis. 67, 182 N. W. 321; *Piper v. State,* 202 Wis. 58, 231 N. W. 162; *State v. Jackson,* 219 Wis. 13, 261 N. W. 732; *Wilson v. State, supra.* Whatever presumption there might be that the check was made on the date and at the place whose name it bears, must be weighed against the presumption of innocence which continues throughout the trial until overcome by that degree of evidence, direct or circumstantial, sufficient to remove all reasonable doubt. In *Farino v. State,* 203 Wis. 374, 378, 234 N. W. 366, the court said:

"The defendant's first assignment of error relates to the proving of venue. The law that criminal cases shall be tried in the county where the offense was committed [sec. 356.01,

Stats.] does not require the use of any prescribed formula in establishing venue. The state meets the requirements placed upon it when it has been made to appear *definitely* that the offense was committed in the county where the trial is being conducted or from which the case has been properly transferred. And this may be by specific statement or by proof of facts from which such inference reasonably follows."

Of course, when a fact is definitely established, reasonable doubt is overcome.

The state seems to rely on the provisions of secs. 353.28 and 353.29, Stats. Sec. 353.28 provides:

"Any person who commits an act or who omits to do an act which act or omission constitutes a part of a crime by the laws of this state shall be punished the same as if he had committed the whole of such crime within this state."

Sec. 353.29 provides:

"Whenever a person, with intent to commit a crime, does any act or omits to do any act within this state in execution or part execution of such intent, which culminates in the commission of a crime, either within or without this state, such person is punishable for such crime in this state in the same manner as if the same had been committed entirely within this state."

We fail to see the application of these statutes to the question of proof of venue or with reference to the two offenses charged, namely, the forgery of the check in question and with having the possession of a forged check with intent to utter.

We are of the opinion that the state has failed to make proof of venue to that degree of certainty required under our former decisions.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.