GUARDIANSHIP OF FIGI: FIGI, Appellant, vs. VOEGLI and another, Respondents.

*May 5—June 5, 1923.*

*Insane persons: Jurisdiction of court to appoint guardian: Residence of alleged incompetent: Evidence: Sufficiency.*

1. In proceedings to have a guardian appointed for an alleged incompetent, the affidavits and uncontradicted evidence in the case are *held* sufficient to establish the alleged incompetent's residence in another county than that in which the proceedings were taken.

2. The abandonment of a residence once established and the acquiring of a new residence is to a large extent a matter of intention.

3. In determining the jurisdiction of the court to entertain proceedings under sec. 3976, Stats., for the appointment of a guardian for an alleged incompetent, the whole of ch. 170, relating to guardians and wards, of which sec. 3976 is a part, must be considered.

4. Under secs. 3962, 3976, 3978, 3979a, and 3980, Stats., when construed together, the jurisdiction of proceedings under sec. 3976 to appoint a guardian of an alleged incompetent is vested solely in the county court of the county of his residence, if he is a resident of the state.

APPEAL from a judgment of the county court of Green county: JOHN L. SHERRON, Judge. *Reversed.*

The appeal is from a judgment appointing a general guardian for John Figi, an alleged incompetent person.

For the appellant the cause was submitted on the brief of *S. J. Luchsinger* of Monroe and *Gilbert, Ela, Heilman & Raeder* of Madison.

For the respondents there was a brief by *W. A. Loveland* of Monticello and *W. H. McGrath* of Monroe, and oral argument by *Mr. McGrath.*

DOERFLER, J. One John Figi, a widower, who at the time of the hearing in the county court herein referred to was of the age of about seventy-nine years, for many years prior to December, 1921, was a resident of the village of

New Glarus, Green county, Wisconsin. In such village he owned and occupied a home, and therein and in the immediate surrounding country he had invested what little means he possessed outside of the home. A son, Jacob Figi, resided in Ripon, Fond du Lac county, where he operated a hotel.

Some time in November, 1921, John Figi suffered a stroke of paralysis, and while in a helpless state was transported to the home of his son Jacob at Ripon, with whom he has ever since made his home, and where at the time of the filing of the petition and of the hearing he resided. When the matter came on before the county court the alleged incompetent, through his attorneys, moved to dismiss the petition for the reason that the alleged incompetent, at the time of the making and filing of such petition, was not a resident of Green county, Wisconsin, but was a resident of Fond du Lac county, Wisconsin, and that therefore the county court of Green county had no jurisdiction. In support of this motion there was filed on behalf of the contestant an affidavit of the alleged incompetent, from which it appears that in December, 1921, he left his home and former residence in the village of New Glarus with the intention of acquiring, and that he did acquire, a permanent home and residence with his son Jacob Figi in the city of Ripon, Fond du Lac county, Wisconsin, where he has since resided and now resides.

The court thereupon proceeded with the taking of the evidence, and the alleged incompetent testified that when he left New Glarus he did so with the intention of establishing his home with his son Jacob at Ripon, and that he had no intention of returning to New Glarus. These facts were also corroborated by the testimony of Jacob Figi, and it appears from the record that shortly after removing to Ripon the alleged incompetent leased his home at New Glarus to strangers. No testimony was offered in behalf of the petitioner in opposition to the foregoing.

The abandonment of a residence once established and the acquiring of a new residence is to a large extent a matter of intention. From the affidavit of John Figi above referred to, and from the uncontradicted testimony as above in substance detailed, there can be no question but that at the time of the filing of the petition and of the hearing the alleged incompetent had abandoned his former residence and acquired a new one in Fond du Lac county. The evidence and proof being uncontradicted, the question of residence resolves itself into one of law, and the inevitable conclusion which must necessarily follow is that the alleged incompetent established and had at the time and since the filing of the petition maintained his residence and home in Fond du Lac county, Wisconsin, and that such county was the county of his residence.

The proceedings herein were prosecuted under and pursuant to the provisions of sec. 3976 of the Statutes, which is a section contained in and under ch. 170 of the Statutes, entitled "Guardians and wards." The section referred to, standing alone, does not constitute residence as a condition precedent to the proceedings for the appointment of a guardian. Such section, however, being a part of ch. 170 of the Statutes as above entitled, necessitates an examination and review of other sections contained in this chapter to determine whether it was the legislative intent to require as a basis for jurisdiction, among other things, the residence of the alleged incompetent within the county over which the court has jurisdiction.

Sec. 3962, among other things, provides:

"All persons under the age of twenty-one years shall be deemed minors, and the county court in each county may appoint guardians for minors and others subject to guardianship, *being residents in the same county,* and also to such as shall reside without the state and have any estate within the county."

Sec. 3962 therefore refers not only to guardianships of minors but to all others subject to guardianship; and in

express language limits the jurisdiction of the county court to the appointment of guardians for minors and others who are residents of the county over which the particular county court has jurisdiction, with one .exception: that where the ward is not a resident of the state the proceedings for the appointment of a guardian are authorized and confined to a county where he is the owner of or possesses property.

Sec. 3978, providing for the appointment of guardians for drunkards and spendthrifts, authorizes a supervisor or a justice of the peace of the town of which such person is an inhabitant to present a verified petition to the county court, and it would appear that such section, read in connection with sec. 3962, also clearly indicates that the proceedings must be had in the county court of the county of which the alleged spendthrift or drunkard is an inhabitant.

Sec. 3979a, which provides for the appointment of a guardian for a patient in an insane hospital, authorizes the superintendent of the hospital to apply to the county court of the county in which such patient resided at the time of his commitment for the appointment of a guardian.

Sec. 3980 provides for the appointment of a guardian for a nonresident and authorizes an application to the county court in any county in this state in which there may be any estate óf such nonresident, and if the ward has estate in more than one county the guardianship which shall first be lawfully granted shall extend to all the estate of the ward within the same and shall exclude the jurisdiction of the county court in every other county.

From these statutes, read together, must be determined the legislative intent; and we are of the opinion that, with respect to sec. 3976, in the light of sec. 3962 and of the other sections referred to, jurisdiction in the instant case is dependent upon the residence of the alleged incompetent.

In *Estate of Anson*, 177 Wis. 441, 443, 188 N. W. 479, this court held that:

"The county court is a court of limited jurisdiction. It is a creature of the statute. It must appear upon the face

of its proceedings that it acts within the powers granted." *Crawford Co. v. Le Clerc,* 3 Pin. 325.

This is particularly so where it is attempted to appoint a guardian for an adult person. *In re Streiff,* 119 Wis. 566, 97 N. W. 189.

"The particular court, whether a court of chancery or a statutory court, which has the right and owes the duty to appoint a general guardian, that is, a guardian over both the person and the estate of the ward, is the one within whose territorial jurisdiction the ward is domiciled. . . . The general rule is that, in order to give the court jurisdiction to appoint a guardian for a minor, the minor must have his domicile in the county where the court presides." 28 Corp. Jur. p. 1068, § 27, and numerous cases cited in the notes.

"The rule of the courts of chancery was that the commission in lunacy should be executed at or near the residence of the party, and the principle of this rule is recognized in the modern statutory provisions that the proceedings are to be had in the county of the party's residence. . . . Where the proceedings are not had under commissions, but the statute commits the insanity jurisdiction to the probate or other courts, the venue of the proceedings will generally be determined by the place of residence of the party." 2 Cyc. 1122, and numerous cases there cited.

There would appear to be good logic at the basis of such a requirement, which is made manifest by way of illustration, from the facts and circumstances of the instant case. In this case the petition prays for the appointment of a guardian both for the person and of the estate of the alleged incompetent. Such a general guardian does not only become the conservator of the ward's estate, but he also has charge of his person and is required to minister to his physical and moral welfare. The latter consideration, affecting the rights of persons, is of prime importance, and the substitution of a guardian and the exercise of rights which fundamentally are inherent in the person involve the exercise of the highest functions of the state. In the instant case the ward removed to another county. Prior to

such removal no contention had ever been made of his inability to manage his own affairs. It was only while he was a resident of Fond du Lac county that the question of his incompetency had arisen. Such question can best be determined from the evidence obtainable in such county, and to require him to submit to the jurisdiction of a court many miles distant from the place of his residence would not only in many cases require a large expenditure of means, which would tend to diminish his estate, but would to a large extent subject him to a situation which would have a tendency to interfere with his defense in a matter vital to his welfare.

We therefore hold that the alleged incompetent, at the time of the filing of the petition and of the hearing, was not a resident of Green county, Wisconsin, and that the county court of such county had no jurisdiction in the matter.

The judgment of the county court is therefore reversed, and the proceedings are remanded to the lower court with directions to dismiss the petition.

*By the Court.*—It is so ordered.