STATE, Respondent, vs. COATES, Appellant.

*October 10—November 5, 1952.*

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *Edwin M. Wilkie,* special counsel, and oral argument by *Mr. Platz* and *Mr. Wilkie.*

GEHL, J. The entire evidence—that offered by the state as well as that offered by defendant—may be considered. Anno. 17 A. L. R. 925; 2 Wharton, Criminal Evidence (11th ed.), p. 1521, sec. 882.

Count One relates to the acceptance of a bribe at the Nash-Kelvinator plant. It is claimed that there is no testimony that the plant is located in Kenosha county. Defendant testified that he was employed at the Nash-Kelvinator Corporation. A fellow employee called as a character witness by the

defendant testified that he was employed at Nash-Kelvinator; that he was the "top man" in the *local* (Kenosha) factory. A photostatic copy of defendant's income-tax return for the year 1947 was introduced in evidence. In it he named Nash-Kelvinator· Corporation, Kenosha, Wisconsin, as his employer. He testified that at the time of the trial he had been employed by the same company for approximately thirty years, from which it follows that his place of employment in 1947, at the time of the offense, was at the plant of Nash-Kelvinator. It it not disputed that the court may take judicial notice that the city of Kenosha is in Kenosha county.

As to the second count, John O'Mara testified that he delivered the money to defendant in the driveway of the latter's home on Buchanan road. His income-tax return for the year 1947 states his residence to be at 2703 Buchanan road, Kenosha, Wisconsin; in answer to a question contained in the return as to his residence he states it to be "city of Kenosha." He was a member of the city council of the city of Kenosha when the money was delivered to him. To qualify for that office it was required that he be a resident of the city of Kenosha. Two receipted bills and two applications for certificates of title to an automobile state his residence to be 2703 Buchanan road, Kenosha, Wisconsin. The evidence is sufficient to establish that defendant's home on Buchanan road was located in the city of Kenosha in Kenosha county.

"While direct proof of venue should be made, absence of it does not defeat conviction where inference of it may properly be drawn from circumstantial evidence. Where no witness testifies directly to the venue, it is sufficiently proved if there is reference in the evidence to the locality known or probably familiar to the jury where the act constituting the offense was committed from which the jury may reasonably have concluded that the place was in the county alleged. *Kellar v. State*, 174 Wis. 67, 69, 182 N. W. 321; 16 Corp. Jur., p. 769." *Piper v. State*, 202 Wis. 58, 61, 231 N. W. 162.

*By the Court.*—Judgment affirmed.