SMAZAL, Plaintiff in error, v. STATE, Defendant in error.

*May 12—June 7, 1966.*

For the plaintiff in error there was a brief by *Walter H. Piehler* and *Genrich, Terwilliger, Wakeen, Piehler & Conway,* all of Wausau, and oral argument by *Walter H. Piehler.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general. *Daniel L. LaRocque,* district attorney of Marathon county, also argued.

HALLOWS, J.   The sole issue on this appeal is whether the state failed to prove beyond a reasonable doubt the forgery was committed in Marathon county, where the defendant was tried.

The facts are uncontested. The defendant on October 8, 1964, tendered to Carl Karow, the proprietor of an IGA store in the village of Athens, Marathon county, Wisconsin, a check drawn on the Bank of Athens in the sum of $87 payable to one Victor Smart and purportedly signed by Art Heldt. In answer to the proprietor's question, the defendant identified himself as Victor Smart and said he worked for Art Heldt. The proprietor then cashed the check for the defendant, which was subsequently dishonored as a forgery. It was adequately proved Art Heldt did not employ the defendant and did not sign the check and that the signature of the maker of the check was the handwriting of the defendant. At the conclusion of the state's case, the defendant moved for a dismissal on the ground venue had not been proved to be in Marathon county. This motion was denied but at the request of the defendant, an instruction on the burden of proof of venue was given to the jury which found the defendant guilty. The defendant's motions after verdict were denied and the defendant was sentenced to an indeterminate term of not more than seven years in the state reformatory.

Although there is a split of authority on whether venue, like the elements of a crime, must be proved beyond a reasonable doubt, Wisconsin holds that venue must be so proved. *State v. Wiedenfeld* (1938), 229 Wis. 563, 282 N. W. 621; *Davis v. State* (1908), 134 Wis. 632, 115 N. W. 150. By sec. 956.01 (1), Stats., criminal actions are to be tried in the county where the crime was committed except as otherwise provided in that section. "Forgery" is defined in sec. 943.38, as:

"(1) Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority, may

be fined not more than $5,000 or imprisoned not more than 10 years or both:

"(a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights; or . . . ."

It was therefore incumbent upon the state to prove the defendant falsely made the check in Marathon county with intent to defraud. It must be admitted there is no eyewitness testimony the check was made in Marathon county, but the lack of direct proof does not necessarily mean venue was not proved beyond a reasonable doubt.

Forgery is not such a crime as is usually committed in the presence of others and direct testimony is seldom available. As we stated in *State v. Johnson* (1960), 11 Wis. (2d) 130, 104 N. W. (2d) 379, commenting on the sufficiency of circumstantial evidence, "Not many criminals are caught in the act like a child with his hand in the cooky jar. Circumstantial evidence may be and often is stronger and as convincing as direct evidence." Thus while the burden of proof is to convince beyond a reasonable doubt, it has been held that venue may be established by proof of facts and circumstances from which it may be inferred. *Kellar v. State* (1921), 174 Wis. 67, 182 N. W. 321 (adultery and fornication); *State v. Jackson* (1935), 219 Wis. 13, 261 N. W. 732 (sale of intoxicating liquor); *Farino v. State* (1931), 203 Wis. 374, 234 N. W. 366 (homicide); *Piper v. State* (1930), 202 Wis. 58, 231 N. W. 162 (practicing medicine without license); see also 23 C. J. S., Criminal Law, pp. 606, 610, sec. 914.

Defendant claims the circumstantial evidence was not sufficient to prove venue beyond a reasonable doubt and the only evidence which can be considered in respect to the location of the false making or the forging of the check is the check itself. The check shows the date filled

in next to the words "Athens, Wis." which village is admitted to be in Marathon county. The defendant relies on *State v. Wiedenfeld, supra,* for the proposition that while there is a presumption a negotiable instrument is made in the place at which it bears date, the date of a forged instrument does not create any presumption as to where the instrument was forged or if it does, such a presumption is not sufficient when weighed against the presumption of innocence.

We do not think the circumstantial evidence must be limited to the check itself. It may include any evidence from which venue can be reasonably inferred. 20 Am. Jur., Evidence, p. 1074, sec. 1220. In view of the following additional facts, *State v. Wiedenfeld* is not controlling. The defendant forged the check. The check was in his possession in Marathon county and it was cashed in Marathon county. This uttering is at least conclusive proof of the defendant's intention to defraud and may also be sufficient to prove venue under sec. 956.01 (10), Stats., a point we do not decide. The defendant was in Marathon county on October 8, 1964, the date of the check. The check was drawn on a Marathon county bank and the alleged maker of the check was a Marathon county resident. The defendant said he worked for the alleged maker, a resident of Marathon county. No evidence was introduced by the defendant and consequently there is no refutation of any inferences which can reasonably be drawn from these facts. We think these facts are sufficient not only as a basis for an inference the check was forged in Marathon county but also as a basis for a conviction beyond a reasonable doubt.

Many cases have held the proof of only the possession or the uttering of a forged check was sufficient to establish venue of a forgery especially in the absence of direct evidence showing the contrary or circumstances or testimony repelling such inferences. See Anno., Presumptions and inferences in criminal cases

from unexplained possession or uttering of forged paper, 164 A. L. R. 621, 650. See also 23 C. J. S., Criminal Law, pp. 603, 604, sec. 914.

This view of the matter renders it unnecessary to consider the defendant's motions after verdict.

*By the Court.*—Judgment affirmed.