STATE of Wisconsin, Plaintiff-Respondent,

v.

David A. LEHMAN, Defendant-Appellant.†

Court of Appeals

*No. 03–1269–CR. Submitted on briefs November 6, 2003.—
Decided February 4, 2004.*

2004 WI App 59

(Also reported in 677 N.W.2d 644.)

† Petition to review denied 4-20-04.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Len Kachinsky* of *Sisson & Kachinsky* of Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Lara M. Herman*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J. David A. Lehman appeals a judgment of conviction for three counts of party to the crime of armed robbery and an order denying his postconviction motion. Lehman contends that the trial court exceeded its statutory sentencing authority when it established a four-year waiting period before Lehman would be eligible for the Challenge Incarceration Program (CIP, also called "boot camp"). We disagree and affirm the judgment and order of the trial court.

## FACTS

¶ 2. On June 3, 2003, the State filed a criminal complaint against Lehman charging him with four counts of party to the crime of armed robbery, contrary to Wis. Stat. §§ 941.32(1)(b), (2) and 939.05(1).[1] The parties entered into an agreement under which Lehman pled no contest to three of the four charges. The fourth was dismissed, but read in at sentencing.

¶ 3. At the sentencing hearing, the court made specific findings as to the character of the defendant,

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise indicated.

the nature and gravity of the offenses, and the need to protect the public. With respect to Lehman's character, the court noted that Lehman used drugs and associated with other drug users. The court described the offenses as "very serious" and having a lasting effect on the victims. The judge also stated that the community deserved protection from the fear caused by Lehman's repeated criminal activity. The judge considered Lehman's remorse and his potential for rehabilitation, but stated that the sentence must not "unduly depreci-ate the serious nature of [Lehman's] conduct."

¶ 4. The trial court imposed a bifurcated sentence on the first count of armed robbery, with eight years of incarceration followed by ten years of extended super-vision. The court, as required under WIS. STAT. § 973.01(3m), also found that Lehman was eligible for the CIP, but imposed a four-year waiting period on Lehman's eligibility. The court withheld sentence on the second and third counts, placing Lehman on proba-tion for eighteen years.

¶ 5. Lehman filed a postconviction motion to set aside the waiting period for his eligibility for the CIP. In his motion, he argued that WIS. STAT. § 973.01(3m) authorizes a trial court to determine if a defendant is eligible, but that the court "lacked authority to set a waiting period for the defendant's eligibility for the CIP." The trial court disagreed and denied Lehman's motion.

¶ 6. Lehman appeals, arguing that the statute gives the trial court the authority to determine whether a defendant is eligible for the CIP, but that the deter-mination of when the defendant is eligible is delegated to the Department of Corrections (DOC). We disagree.

698

## DISCUSSION

¶ 7. Review of a trial court's interpretation of a statute is a question of law that this court reviews de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). Our goal is to give effect to the intent of the legislature. *State v. Corey J.G.*, 215 Wis. 2d 395, 411, 572 N.W.2d 845 (1998). We first look to the plain language of the statute. *Id.* at 411–12. If the language of a statute is clear on its face, we need not look any further than the statutory text to determine the statute's meaning. *State v. Peters*, 2003 WI 88, 14, 263 Wis. 2d 475, 665 N.W.2d 171. However, if a statute is ambiguous, we consult the scope, history, context, subject matter and object of the statute in order to ascertain legislative intent. *Village of Lannon v. Wood-Land Contractors, Inc.*, 2003 WI 150, 72, 267 Wis. 2d 158, 672 N.W.2d 275. A statute is ambiguous if it is susceptible to two or more reasonable interpretations. *Id.*

¶ 8. Our first task is to look at the plain language of the statute. WISCONSIN STAT. § 973.01(3m) reads:

> CHALLENGE INCARCERATION PROGRAM ELIGIBILITY. When imposing a bifurcated sentence under this section on a person convicted of a crime . . . the court shall, as part of the exercise of its sentencing discretion, decide whether the person being sentenced is eligible or ineligible for the challenge incarceration program under s. 302.045 during the term of confinement in prison portion of the bifurcated sentence.

¶ 9. Lehman contends that the plain language of the statute gives the trial court the authority to determine *whether,* but not *when,* the offender is eligible. He specifically points to the language that requires the

699

court to "decide *whether the person being sentenced is eligible or ineligible* for the challenge incarceration program under s. 302.045 during the term of confinement in prison portion of the bifurcated sentence." *See* Wis. Stat. § 973.01(3m) (emphasis added). We agree that Lehman's interpretation of § 973.01(3m) is a reasonable one.

¶ 10. The State contends that nothing in the statute prevents a court from determining when an offender is eligible for the CIP. The State argues that the statutory language requiring that the court, "as part of the *exercise of its sentencing discretion,* decide whether the person being sentenced is eligible or ineligible for the challenge incarceration program under s. 302.045 *during the term of confinement in prison* portion of the bifurcated sentence," Wis. Stat. § 973.01(3m) (emphasis added), allows a court to determine when, in the course of imprisonment, the offender will be eligible. We are persuaded that this is also a reasonable interpretation of § 973.01(3m).

¶ 11. We conclude that because there are two incompatible, yet reasonable, interpretations of Wis. Stat. § 973.01(3m), the statute is ambiguous. *See Village of Lannon,* 267 Wis. 2d 158, ¶ 72. We therefore turn to the history, objectives, and scope of the statute to discern the legislative intent. *See Stockbridge School Dist. v. DPI,* 202 Wis. 2d 214, 220, 550 N.W.2d 96 (1996).

¶ 12. Lehman posits that the legislative intent behind Wis. Stat. § 973.01(3m) can be discerned by looking at two related statutes. First, he directs us to the provision creating and describing the CIP program. Arguing that the legislature delegated the authority to determine when an inmate is eligible for the CIP program to the DOC rather than the court, Lehman cites Wis. Stat. § 302.045(2), which reads:

PROGRAM ELIGIBILITY. Except as provided in sub. (4), the department may place any inmate in the challenge incarceration program if the inmate meets all of the following criteria:

(a) The inmate volunteers to participate in the program.

(b) The inmate has not attained the age of 30, as of the date the inmate will begin participating in the program.

(c) The inmate is incarcerated regarding a violation other than a crime specified in ch. 940 or s. 948.02, 948.025, 948.03, 948.05, 948.055, 948.06, 948.07, 948.075, 948.08, or 948.095.

(cm) If the inmate is serving a bifurcated sentence imposed under s. 973.01, the sentencing court decided under s. 973.01(3m) that the inmate is eligible for the challenge incarceration program.

(d) The department determines, during assessment and evaluation, that the inmate has a substance abuse problem.

(e) The department determines that the inmate has no psychological, physical or medical limitations that would preclude participation in the program.

Lehman argues that § 302.045(2) gives the DOC discretion to determine the timing of an inmate's eligibility and that § 973.01(3m) "does not give the trial court authority to limit the [DOC's] discretion as to *when* during a determinate sentence an offender may be offered the opportunity to participate in the CIP."

¶ 13. Lehman also compares the language in Wis. STAT. § 973.01(3m) with that of Wis. STAT. § 973.014(1), which addresses a court's responsibility to make a

parole eligibility determination when imposing a life sentence. In relevant part, this statute states that a court making a parole eligibility determination shall elect one of three options: (1) that the person is eligible for parole, (2) that the person is eligible for parole on a date set by the court, or (3) that the person is not eligible for parole. Sec. 973.014(1)(a)-(c). Lehman asserts that, had the legislature intended to give sentencing courts the authority to determine when an offender can participate in the CIP, it would have written § 973.01(3m) to incorporate three similar choices.

¶ 14. In contrast, the State turns to legislative history to ascertain the meaning of the statute. We agree that this is the proper course in discerning the legislative intent behind WIS. STAT. § 973.01(3m).

¶ 15. The legislature enacted 1997 Wis. Act 283 as its original Truth-in-Sentencing law on June 15, 1998. This Act created a Criminal Penalties Study Committee to conduct a study and make recommendations for implementation of Truth-in-Sentencing. 1997 Wis. Act 283, § 454(1)(b). The committee's final report, released August 31, 1999, provides background on WIS. STAT. ch. 973, the Truth-in-Sentencing law in Wisconsin. The report explains that the new sentencing policy arose out of concern over parole and early release creating "a 'revolving door' criminal justice system" and leading to the early release of many offenders. STATE OF WISCONSIN CRIMINAL PENALTIES STUDY COMMITTEE, FINAL REPORT, i, (Aug. 31, 1999).[2] The committee report states that there is a "shift of more complete—and informationally accurate—sentencing decisionmaking to the judiciary."

---

[2] This report is available through the Wisconsin Department of Administration web site at http://www.doa.state.wi.us /docs_view2.asp?docid=42.

*Id.* The statutory scheme places the responsibility on judges "to more carefully fashion a sentence based upon the severity of the crime, the character of the offender, the interests of the community, and the need to protect the public." *Id.*

¶ 16. The legislature's intent to give more discretion to judges is apparent in the CIP statute. The court is to make its eligibility determination "as part of the exercise of its sentencing discretion." Wis. Stat. § 973.01(3m). This is emphasized by the fact that a judge may deny eligibility to a defendant even if the defendant meets all of the other eligibility criteria set forth in Wis. Stat. § 302.045(2)(cm). Clearly, the legislature intended to provide greater judicial discretion for judges imposing bifurcated sentences and considering CIP eligibility.

¶ 17. The intent of the legislature is therefore advanced by an interpretation of Wis. Stat. § 973.01(3m) that allows a sentencing court to determine not only whether a defendant is eligible for the CIP, but also to set a date of eligibility within the term of confinement in prison. We agree with the State that "[a]llowing a sentencing court to use its discretion in determining when the defendant would be eligible for the CIP comports with the intent of the legislature."

■

¶ 18. With this interpretation in mind, we determine that the sentencing court exercised its discretion in accordance with the authority granted to it by Wis. Stat. § 973.01(3m) when it imposed a four-year waiting period on Lehman's CIP eligibility. The court considered the severity of the crimes, the character of the offender, the interests of the community, and the need to protect the public when crafting Lehman's sentence.

This is precisely the sort of judicial discretion contemplated in the creation of sentencing policy in Wisconsin.

## CONCLUSION

¶ 19. We conclude that the language of WIS. STAT. § 973.01(3m) is subject to more than one reasonable interpretation and is therefore ambiguous. Lehman's preferred interpretation, which limits judicial discretion at sentencing, fails in light of the legislature's intent to shift more complete, and informationally correct, decision-making authority to the courts. We hold that § 973.01(3m) authorizes the sentencing court, in the exercise of its discretion, to determine both if and when a defendant is eligible for the CIP program.

*By the Court.*—Judgment and order affirmed.