STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald L. SCHULTZ, Defendant-Appellant.

Court of Appeals

*No. 2009AP1434–CR. Submitted on briefs March 16, 2010.
—Decided August 17, 2010.*

2010 WI App 124

(Also reported in 791 N.W.2d 190.)

424

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J.  Donald Schultz appeals a judgment of conviction, entered following a jury trial, for

two counts of obstructing an officer in violation of Wis. Stat. § 946.41(1), and a single count of theft of moveable property as party to a crime in violation of Wis. Stat. § 943.20(1)(a). Schultz asserts the circuit court erred when it failed to instruct the jury on venue because one obstruction charge was based on statements Schultz made in a different county. We agree and remand for entry of a judgment of acquittal on one obstruction charge. Schultz claims his remaining obstruction conviction was not supported by sufficient evidence, and the court failed to properly instruct the jury on the theft charge. We affirm Schultz's conviction on those remaining charges.

## BACKGROUND

¶ 2.    On July 22, 2007, Lawrence Feichter arrived at the Cornell community center in Chippewa County, Wisconsin. He found the garage door ajar and musical equipment worth several thousand dollars missing.

¶ 3.    Cornell had no officer on duty when the theft was discovered, so Deputy Sheriff Christopher Kowalczyk initially responded to Feichter's report. Feichter stated the theft occurred sometime after 6:00 p.m. on July 21, 2007, when he left the center for the evening. Feichter suggested Kowalczyk talk to Schultz, who intended to use some of the equipment to play recorded music at a birthday party in Barron, Wisconsin, on July 21. Douglas Carter, who owned some of the stolen property, planned to perform with Schultz, but Carter instead attended a nearby music festival.

¶ 4.    Kowalczyk contacted Schultz and asked about the missing equipment. Schultz stated he did not know what Kowalczyk was talking about. He admitted he

planned to perform at a party on July 21, but stated he had no equipment and could not remember where he was supposed to play.

¶ 5.　Kowalczyk subsequently contacted Feichter, who told him Carter had not given Schultz permission to take the equipment. Feichter also indicated Carter received several text messages from Schultz on the evening of July 21.[1] Kowalczyk then handed the investigation over to the Cornell Police Department.

¶ 6.　Cornell Police Officer Stacey Canfield spoke to Feichter, who suspected Schultz of the theft and provided the names of individuals Feichter thought might have attended the birthday party on July 21. Several witnesses, including Schultz's cousin, saw Schultz at the party. One witness stated she helped a disc jockey named Don unload a speaker matching the description of one stolen from the center. Another witness stated Schultz arrived after dark, and explained he was late because he had to get equipment from a friend.

¶ 7.　Canfield interviewed Schultz in August 2007 at his place of employment in Barron County. She asked whether he knew anything about the stolen equipment. He replied he did not. Schultz denied sending the text messages to Carter the night of the theft. He also

[1] Schultz sent a message at 6:25 p.m. on July 21 that read, "If you ain't going to do it just tell me don't leave me hanging a lot of people are counting on us." Three minutes later, Schultz sent, "I got his money if that's what you're worried about." At 7:54 p.m., Schultz insisted, "Just let me go get the stuff I will bring it back tomorrow night." Four minutes later, Schultz sent, "Come on man what the fuck did I do to you you told me this was going to be a done deal are you pissed about something?" At 8:04 p.m., Schultz sent, "I'm on my way up there to get it. If you don't want me to you better let me know now and save me a trip." Schultz sent his final message at 8:10 p.m., stating, "Leaving now, be there in about an hour."

claimed he was not at the birthday party on July 21 and stated he was babysitting his sister's children that night.

¶ 8.  On May 6, 2008, Schultz was charged in Chippewa County with burglary, felony theft, and two counts of obstructing an officer. The first obstruction count was based on Schultz's statements to Kowalczyk. The second was based on his statements to Canfield in August 2007.

¶ 9.  Following a three-day jury trial, the State requested jury instructions on venue and possession of recently stolen property. The venue instruction was not included among the instructions the parties agreed to, and Schultz objected to its absence at the instruction conference. The circuit court refused to give the venue instruction, concluding any objection to venue must occur before trial. The court gave the standard instruction on possession of recently stolen property as circumstantial evidence, WIS JI—CRIMINAL 173:

> Evidence has been presented that the defendant possessed recently stolen property. Whether the evidence shows that the defendant knew the property had been stolen or participated in some way in the taking of the property is exclusively for you to decide. Consider the time and circumstances of the possession in determining the weight you give to this evidence.

The jury acquitted Schultz of burglary, but found him guilty of the remaining charges.

## DISCUSSION

### 1. The Circuit Court Erred by Refusing to Instruct the Jury on Venue

¶ 10.  Schultz first argues the circuit court erroneously exercised its discretion in failing to instruct on

venue. "A specific instruction on venue needs to be given only when venue is contested." *State v. Swinson*, 2003 WI App 45, ¶ 26, 261 Wis. 2d 633, 660 N.W.2d 12 (citing Wis JI—Criminal 267 n.1).

¶ 11.   The State claims the circuit court properly exercised its discretion because Schultz never asked the trial court to instruct the jury on venue. Instead, the State interprets Schultz's objection as a request to dismiss the obstruction charge stemming from Canfield's interview in Barron County. The transcript of the formal jury instruction conference clearly shows Schultz, the State, and the court all understood Schultz's request to be one for a venue instruction. Immediately after the court questioned whether the parties agreed on jury instructions, the State noted Schultz's objection to the absence of a venue instruction, and the parties repeatedly referred to the venue instruction during the ensuing discussion. We therefore reject the State's claim.

¶ 12.   Although venue is not an element of a crime, it nonetheless must be proved beyond a reasonable doubt. *State v. Corey J.G.*, 215 Wis. 2d 395, 409, 572 N.W.2d 845 (1998); *Swinson*, 261 Wis. 2d 633, ¶ 19. A defendant need not challenge venue, or request a venue instruction, before trial; instead, he or she may put the State to its proof and determine whether an instruction is warranted after hearing the evidence. The jury instruction conference is a permissible time at which to request a venue instruction. Accordingly, the court erred when it refused to so instruct the jury.

¶ 13.   We must also determine whether to remand the obstruction charge for a new trial or to direct that a

judgment of acquittal be entered. Schultz asserts that even if the instruction was given, the evidence was insufficient to support a conviction for obstructing Canfield. If Schultz is correct, retrial is precluded by double jeopardy. *See State v. Smith*, 2004 WI App 116, ¶ 32, 275 Wis. 2d 204, 685 N.W.2d 821, *rev'd on other grounds*, 2005 WI 104, 283 Wis. 2d 57, 699 N.W.2d 508. We will reverse a verdict as unsupported only if the evidence, when viewed in the light most favorable to the state, is so lacking in probative value and force that no reasonable jury could have found guilt beyond a reasonable doubt. *Id.*

¶ 14. We conclude Schultz must be acquitted of obstructing Canfield because the State presented insufficient evidence of venue. The State was required to prove venue in Chippewa County beyond a reasonable doubt. *See Swinson,* 261 Wis. 2d 633, ¶ 19. Although Schultz was charged and tried in Chippewa County, the State's evidence demonstrated his only act of obstruction toward Canfield occurred in Barron County. Generally, criminal actions must be tried in the county where the crime was committed. Wis. Stat. § 971.19(1).

¶ 15. Recognizing Chippewa County was an improper venue under the general rule, the State argues for application of Wis. Stat. § 971.19(2), which provides that where two or more acts are requisite to the commission of any offense, the trial may be in any county in which the acts occurred. In the State's view, Chippewa County is an appropriate venue because Schultz's statements in Barron County led to additional investigative steps in Chippewa.

¶ 16. We cannot accept the State's argument because the obstruction statute, Wis. Stat. § 946.41, clearly contains a temporal element that focuses on the officer's status at the time of the defendant's conduct. Obstruc-

tion requires proof that the defendant knowingly obstructed an officer while the officer was acting in his or her official capacity and with lawful authority. *Henes v. Morrissey*, 194 Wis. 2d 338, 353, 533 N.W.2d 802 (1995). Although the obstruction statute evaluates the conduct of two actors—the defendant and the officer—it does so simultaneously, at the time of the defendant's act. Consequently, the obstruction statute does not contemplate venue in any county where the officer may take further investigative steps. Moreover, if venue may be predicated on subsequent investigative measures, we would have to evaluate each police act following obstruction and determine whether the act was sufficiently attributable to the defendant's conduct to support venue—an inquiry that may be practically difficult, if not impossible. We therefore conclude Wis. Stat. § 971.19(2) is inapplicable to the crime of obstructing an officer.

¶ 17. The State failed to present sufficient evidence of venue in Chippewa County to support Schultz's conviction for obstructing Canfield, and double jeopardy therefore precludes retrial. We remand for entry of a judgment of acquittal on the second obstruction charge.

## 2. Sufficient Evidence Supported Schultz's Conviction for Obstructing Kowalczyk

■

¶ 18. Schultz next argues his conviction for obstructing Kowalczyk is not supported by sufficient evidence because his statement did not impede Kowalczyk's investigation.[2] Schultz cites *State v. Hamilton*, 120

---

[2] Schultz also claims his statement to Canfield did not hinder her investigation, and the circuit court erred in restricting his cross-examination of Canfield. We need not reach these

Wis. 2d 532, 542, 356 N.W.2d 169 (1984), in which our supreme court reversed a defendant's obstruction conviction because there was no testimony that the defendant's refusal to furnish identifying information affected the investigation in any way. However, the conduct at issue here is not Schultz's refusal to identify himself. Instead, Schultz affirmatively misrepresented his location on the night of the robbery and told Kowalczyk he did not perform at the party as scheduled, frustrating Kowalczyk's efforts to determine the location of the stolen equipment and the identity of the thief. Accordingly, a reasonable trier of fact could conclude Schultz obstructed Kowalczyk by making more difficult the performance of the officer's duties. *See State v. Grobstick*, 200 Wis. 2d 242, 249, 546 N.W.2d 187 (Ct. App. 1996); WIS JI—CRIMINAL 1766 (2010).

## 3. The Circuit Court Property Instructed the Jury on Possession of Recently Stolen Property as Circumstantial Evidence of Theft

██

¶ 19.    Finally, Schultz claims the standard instruction on possession of recently stolen property as circumstantial evidence deprived him of a jury determination on whether the equipment seen at the party was actually stolen property. We disagree. A trial court generally has broad discretion when instructing a jury, and we will affirm so long as the instructions fully and fairly explain the relevant law. *Horst v. Deere & Co.*, 2009 WI 75, ¶¶ 17–18, 319 Wis. 2d 147, 769 N.W.2d 536. The instruction contained the factually accurate statement, "Evidence has been presented that the de-

issues because we have already determined Schultz must be acquitted of the second obstruction charge.

fendant possessed recently stolen property." The instruction does not require the jury to accept that evidence, nor does it suggest the circuit court has already made a credibility determination.[3] Accordingly, the instruction did not deprive Schultz of a jury determination on whether the property seen at the party was actually stolen. As the instruction stated, the jury was free to give the evidence whatever weight it deemed appropriate.

*By the Court.*—Judgment affirmed in part; reversed in part, and cause remanded with directions.

---

[3] We note the jurors were also instructed they were "the sole judges of the facts, and the Court is the judge of the law only."